No. 14,156.

State ex rel. Ike Heidingsfield and James M. Martin vs. Hon. C. D. Hicks, Judge City Court, and Hon. A. D. Land, Judge First District Court.

### Syllabus.

Where a party is convicted and sentenced to a fine, on the ground that a certain seizure made by him was illegal and gave rise under a statute to a misdemeanor, and the seizure was subsequently decreed by the Supreme Court, in a civil cause before it, to have been legal, the conviction will, on *certiorari*, be set aside as null and void.

IN application for writs of *Certiorari* and Prohibition.

The relator, Heidingsfield, is and has been for some time, the manager of the I X L Grocery Company, Limited, of Shreveport, and the relator, Martin, has been and is still the marshal of the town of Shreveport. They aver that on April 28th, 1902, an affidavit was made against them charging them with a violation of Act No. 79 of 1876, by seizing under garnishment process in the suit of I X L Grocery Company, Limited, vs. B. Clarke, No. 931 on the docket of the City Court cf Shreveport, La., the laborer's wages due by the Shreveport and Red River Valley Railroad Company to said B. Clarke as a locomotive passenger engineer on the road of said company, a certified copy of said affidavit being hereto annexed. They further represent that they were arrested under said charge, tried by said city judge and fined the sum of ten dollars each; that said case was appealed by them to the District

Court of Caddo Parish, La., where they were again tried and the judgment of the City Court was affirmed.

Further, that no appeal lies from the decision of said District Court and that said judgments of conviction against petitioner are illegal, wrongful and oppressive; that they have violated no law of this State, and that the sums due by said railroad company to said Clarke are in no sense laborer's wages, exempt from seizure, but are recompense for personal services which are liable to seizure, and that petitioners filed a motion for a new trial both in the City Court and the District Court, and a motion in arrest of judgment on the ground that the judgments were contrary to law and the evidence and said motions were overruled.

In view of the premises, petitioners prayed for an order from the court that a writ of *certiorari* issue to said city judge and said district judge to send up to the court a certified copy of the proceedings in said case, and that a writ of prohibition issue to said judges restraining and prohibiting them from proceeding to enforce said sentences against petitioners until the further orders of the court, or to show cause to the contrary, on a day to be fixed by the court for citation, according to law, and for judgment perpetuating said writ of prohibition and *certiorari* and annulling and setting aside the sentences pronounced against petitioners. They further prayed for costs and general relief.

The judges named were ordered to show cause why the writs prayed for should not be granted.

The judge of the First Judicial District Court answered, making part of his answer a certified copy of the proceedings had in the case entitled the State of Louisiana vs. Ike Heidingsfield and James M. Martin, on file and of record in the court.

He averred that relators pleaded guilty in the lower court to the charge of seizing the wages of B. Clarke, a locomotive engineer, and were therefore sentenced to pay a fine, from which sentence they appealed to respondent's court, where, after due proceedings had, the sentence was affirmed. Respondent shows that in the case of B. Clarke vs. I X L Grocery Company, Limited, respondent held that the wages of Clarke, a locomotive engineer, were exempt from seizure under the statutes of the State of Louisiana, and that after the rendition of said judgment relators were proceeded against in the City Court for violation of Act 79 of 1876, making it a misdemeanor to seize "laborer's wages."

Respondent further shows that the same question of exemption of the wages of a locomotive engineer is now pending before the Supreme Court in case No. 14,457, and for the reasons set forth in respondent's answer in said cause the writ of prohibition prayed for by relators should be denied.

The judge of the City Court answered. He stated that on the 18th of March, 1902, in the suit of B. Clarke vs. I X L Grocery Company, Limited, and James M. Martin, city marshal, he had held that the wages of a passenger locomotive engineer were not exempt from seizure, but that on appeal his judgment had been reversed. That thereafter an affidavit had been made against relators for violation of Act No. 79 of 1876, and in consequence of the judgment which had reversed his own, he found the relators guilty, though he did not individually think that judgment correct; that he could not, under the circumstances, have taken any other course than the one he had taken.

*David Thompson Land,* for Relators.

Respondent Judges *pro se.*

The opinion of the court was delivered by

NICHOLLS, C. J. The seizure made through garnishment process in the matter of the I X L Grocery Company, Limited, vs. B. Clarke, No. 931 of the docket of the City Court of Shreveport, La., of the wages of said Clarke, who was the locomotive passenger engineer in the employ of the Shreveport and Red River Valley Railroad Company, has been this day by judgment of this court decreed legal.

That seizure was the basis of the conviction and sentence of the applicants herein by C. D. Hicks, city judge, which judgment and sentence were on appeal to the First Judicial District Court for the Parish of Caddo on May 3rd, 1902.

The seizure having been legal, relators committed no crime; their conviction was null and void and of no effect, and said conviction is hereby so decreed and adjudged. The writ of prohibition herein applied for is hereby granted as prayed for and the writ ordered to issue.